COBB, Judge,
dissenting:
Although I agree with a large part of the analysis Judge Long offers in his special concurrence, I disagree with the majority’s conclusion that the case should be remanded.
I am not willing to rely on Ex parte Thomas, 601 So.2d 56 (Ala.1992), as a precedent for the principle that the trial court cannot rely on the representations of a prosecutor, as an officer of the court, when a defendant complains that he does not know what the prosecutor knows. I believe a defendant must do something more than merely claim, “I don’t have access to that information,” before a court requires a prosecutor to come forward with reports, files, or notes to prove the prosecutor is telling the truth. Even though the court in Thomas specifically stated that “[W]e [do not] intend this case to stand for the proposition that the State is now required to produce all notes, reports, or other documents that it uses in exercising its peremptory challenges,” today’s decision to remand this case to the trial court opens that door just a little bit wider. I believe that, because of the imprecise language in Thomas, we must narrow, rather than broaden, its application. I must, therefore, respectfully dissent.